UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-61891-DPG

BOBBI GUNN, as the personal representative of the Estate of Robert Derrick Gunn,

    Plaintiff,

vs.

DEPUTY MILAN ASOUS,
in his individual capacity,

    Defendant.
_____/

## DEFENDANT, DEPUTY MILAN ASOUS' MOTION TO DISMISS

Defendant, Broward Sheriff's Deputy Milan Asous ("Deputy Asous") moves to dismiss this action against him with prejudice, pursuant to Rule 12(b)(6), Fed. R. Civ. P., and states:

### OVERVIEW

This matter is an improper refiling of a state court action in which Plaintiff, Bobbi Gunn, as the Personal Representative of the Estate of Robert Derrick Gunn ("Plaintiff") sued Deputy Asous in his individual capacity for state law battery, arising from the same events at issue herein. *See* Case No. CACE22017905 (08) (Fla. 17th Cir. Ct. 2022) ("State Court Action").[1][2] The events

---

[1] "On a motion to dismiss, the court may take judicial notice of a fact outside of the pleading 'provided that it is central to the plaintiff's claims and is undisputed in terms of authenticity.'" *Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111 (S.D. Fla. 2022) (citing *Kuber v. Berkshire Life Ins. Co. of Am.*, 423 F. Supp. 3d 1326, 1331 (S.D. Fla. 2019); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

[2] During the pendency of the State Court Action, Robert Derrick Gunn passed away and his estate's personal representative, Bobbi L. Gunn, was substituted as the plaintiff. Gunn *did not* die

at issue are the same in both the operative Complaint before this Court and the State Court Action: the K-9 apprehension of a wanted, fleeing felon, Robert Derrick Gunn ("Gunn") on November 2, 2021. *See* ECF No. 1; State Court Action, Motion to Amend, dated July 20, 2024, and Amended Complaint (Exhibit "A" hereto); Complaint (Exhibit "B" hereto). As set forth herein, this federal action violates the well-established rule against claims-splitting in two different forums, following the agreed-upon dismissal of Deputy Asous in the State Court Action and should be dismissed with prejudice.

## PROCEDURAL BACKGROUND

Plaintiff commenced the State Court Action in December 2022 against Deputy Asous, in his individual capacity for one count of battery based on his use of force in apprehending Gunn, namely, the use of K-9 Logan. In August 2024, and upon mutual agreement of all parties, Plaintiff in the State Court Action dismissed Deputy Asous in his individual capacity and amended the pleading to substitute Deputy Asous' employer, the Broward County Sheriff Gregory Tony, in his Official Capacity ("BSO"). *See* Exhibit A; Order, dated August 26, 2024 (Exhibit "C" hereto). Although Plaintiff filed the motion to amend well after the State Court Action's June 12, 2024 deadline to amend the pleadings *and* shortly before the September 23, 2024 trial period, neither Deputy Asous nor BSO opposed the motion because the amended pleading dismissed Deputy Asous individually in exchange for properly naming BSO instead. Indeed, Plaintiff even represented in her the motion to amend that the proper party to the State Court Action is BSO and sought to substitute BSO for Deputy Asous. Exh. A, at 1. The State Court Action against BSO remains on-going and is set on a February 2025 trial docket.

---

from *any* causes or injuries related to the underlying incident here, but rather from wholly separate events.

## ARGUMENT

**I.  THIS ACTION MUST BE DISMISSED UNDER THE RULE AGAINST CLAIMS-SPLITTING.**

"The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)); *see also Bowman v. Coddington*, 517 F. App'x 683, 685 (11th Cir. 2013) ("The rule against splitting causes of actions is designed to prevent a multiplicity of suits.") (quoting *Brody Constr., Inc. v. Fabri–Built Structures, Inc.,* 322 So.2d 61, 63 (Fla. 4th DCA 1975)). "Indeed, [i]t is well settled that a plaintiff may not file duplicative complaints in order to expand their legal rights." *Vanover*, 857 F.3d at 841 (quotation omitted). "The claim-splitting doctrine thereby ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Id.* (quotation omitted). Accordingly, to decide whether a case should be dismissed pursuant to the doctrine against claim-splitting, courts in the Eleventh Circuit determine "(1) whether the case involves the same parties and their privies, and (2) whether separate cases arise from the same transaction or series of transactions." *Id.* at 841–42 (quotation omitted). "Successive causes of action arise from the same transaction or series of transactions when the two actions are based on the same nucleus of operative facts." *Id.* at 842. The rationale in *Dade Cnty. v. Matheson* is instructive here:

> Especially in cases where a party voluntarily drops a claim in a first action, and then later seeks to maintain a separate second action on the abandoned claim, the

> rule against splitting causes of action applies to preclude that party from maintaining the separate second suit on the abandoned claim.

605 So. 2d 469, 472 (Fla. 3d DCA 1992) (citations omitted); *see also Mohamad v. HSBC Bank N.A.*, No. 616CV2239ORL41DCI, 2018 WL 8576597, at *5 (M.D. Fla. Mar. 27, 2018) (dismissing federal FDCPA claim, pursuant to Fed. R. Civ. P. 12(b)(6), in light of pending Florida Consumer Collection Practices Act claim in state court because the plaintiff "improperly split his causes of action by seeking declaratory relief in federal court while maintaining suit in Florida state court against the same defendants based on the same underlying facts and issues.").

Plaintiff's Complaint before this Court is clearly barred by the claims-splitting doctrine. This action and the State Court Action are indisputably based on the same, underlying events: Deputy Asous' apprehension of and use of force towards Gunn on November 2, 2021. ECF No. 1; Exh. A; Exh. B. Plaintiff initially asserted a state law battery claim against Deputy Asous, individually, and asserts the federal version of said claim here – a Section 1983 excessive force claim. ECF No. 1. Nothing precluded Plaintiff from asserting this federal claim in the State Court Action.  Instead, Plaintiff decided to dismiss Deputy Asous, individually (and thus, the state-law version of the excessive force claim at issue here), from the State Court Action. Plaintiff then substituted Deputy Asous for his employer, BSO, under a respondeat superior negligence theory – again, based on the November 2, 2021 apprehension. The substitution – despite occurring several months beyond the state court's deadline to amend the pleadings – without opposition from either Deputy Asous or BSO, because Plaintiff agreed to dismiss Deputy Asous.

To the surprise of both BSO and Deputy Asous, Plaintiff then improperly filed this action in federal court, multiplying the proceedings arising from the same occurrence and involving the same parties and "their privies." *Vanover*, 857 F.3d at 841. Indeed, Plaintiff affirmatively alleges here that Deputy Asous was "at all times material hereto, an employee of [BSO], and was acting

under the color of law s a Deputy Sheriff[.]" Accordingly, despite abandoning the use of force claim against Deputy Asous in the State Court Action (under either a state or federal law theory), Plaintiff now seeks to litigate the same facts against both BSO and its employee in two different forums and is, therefore, in direct violation of the rule against claims-splitting. Deputy Asous respectfully seeks dismissal with prejudice.

WHEREFORE, Defendant, Deputy Asous respectfully seeks dismissal of this action with prejudice and any further relief the Court deems just and proper.

Dated: November 7, 2024                    Respectfully submitted,

> WEISS SEROTA HELFMAN
> COLE & BIERMAN, P.L.
> *Counsel for Defendant*
> 200 East Broward Boulevard, Suite 1900
> Fort Lauderdale, FL  33301
> Telephone:  954-763-4242
> Facsimile:   954-764-7770
>
> By: */s/Anne R. Flanigan*
>   MATTHEW H. MANDEL
>   Florida Bar No. 147303
>   Primary: mmandel@wsh-law.com
>   Secondary: lbrewley@wsh-law.com
>   JOSEPH R. NATIELLO
>   Florida Bar No.:  098712
>   Primary: jnatiello@wsh-law.com
>   Secondary: mboschini@wsh-law.com
>   ANNE REILLY FLANIGAN
>   Florida Bar No.: 113889
>   Primary: aflanigan@wsh-law.com
>   Secondary: pgrotto@wsh-law.com