IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 22-17905

BOBBI GUNN as the personal representative
of the Estate of Robert Derrick Gunn,

        Plaintiff,

v.

MILAN ASOUS, in his individual
capacity,

        Defendant.
_____ /

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff, BOBBI GUNN as the duly appointed personal representative of the Estate of Robert Derrick Gunn, by and through his undersigned counsel and pursuant to Fla. R. Civ. P. 1.190, hereby serves this Unopposed Motion for Leave to File Amended Complaint, and says:

### INTRODUCTION

1. Plaintiff filed the instant action for battery on 12/22/2022 naming Broward County Sheriff Deputy Milan Asous as the Defendant.

2. Based on discovery, as well as conference by the parties, it appears that the proper defendant is the Sheriff of Broward County in his official capacity.

3. Without objection, and by agreement of the parties, the Plaintiff now seeks to substitute Sheriff Tony in his official capacity as the defendant in the place of Asous.

4. This request to Amend the Complaint is not for purposes of delay.

5. A copy of the proposed Amended Complaint is attached hereto and is incorporated herein as "Exhibit "A').

## LEGAL ARGUMENT

**Leave of court shall be given freely.**

Fla. R. Civ. P. 1.190(a) states that "[l]eave of court shall be given freely when justice so requires." Moreover, "leave to amend should not be denied unless the privilege has been abused, there is prejudice to the opposing party, or the amendment would be futile." *Cousins Restaurant Associates ex rel. Cousins Management Corp.* v. *TGI Friday's Inc.*, 843 So. 2d 980, 982 (Fla. 4th DCA 2003) (quoting *Life Gen. Sec. Ins. Co. v. Horal*, 667 So. 2d 967, 969 (Fla. 4th DCA 1996). Fla. R. Civ. P. 1.190(e) further states that "[a]t any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading."

The public policy of Florida favors liberality in permitting amendments to pleadings so that the resolution of disputes will be on their merits:

> Under the rule, a test of prejudice is the primary consideration in determining whether a motion for leave to amend should be granted, and leave to amend should not be denied unless the privilege has been abused or the pleading is clearly not amendable. *New River Yachting Center v. Bacchiocchi,* 407 So.2d 607, 609 (Fla. 4th DCA 1981), *rev. denied,* 415 So.2d 1360 (Fla.1982).

*Leavitt v. Garson,* 528 So.2d 108, 110 (Fla. 4th DCA 1988). Amendments should be liberally granted, *particularly when the motion is made prior to the hearing on a motion for summary judgment. See Soucy v. Casper,* 658 So.2d 1017, 1018 (Fla. 4th DCA 1995)(citing *Smith v. Barrett,* 564 So.2d 582 (Fla. 4th DCA 1990), and *Leavitt v. Garson* ). (Emphasis added.)

**Abuse of the amendment process**

No abuse of the amendment process exists herein. This is Plaintiff's first request to amend for purposes of adding a new party and new claim. Here, we do not have a virtual endless stream of amendments which courts disfavor. The Third District has stated:

> While there is no magical number of amendments which are allowed, we have previously observed that with amendments beyond the third attempt, dismissal with prejudice is generally not an abuse of discretion. There is simply a point in litigation when defendants are entitled to be relieved from the time, effort, energy, and expense of defending themselves against seemingly vexatious claims.
> *Id.* at 539 (citations omitted).

**Meet and Confer**

The undersigned has conferred with counsel for Asosus and the Broward Sheriff's Office who state they do not have an objection to this Motion.

WHEREFORE the Plaintiff, BOBBI GUNN as the duly appointed personal representative of the Estate of Robert Derrick Gunn, moves this Court to grant her leave to file the attached Complaint and deem the attached Amended Complaint filed herein, and all relief deemed just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the forgoing was furnished to all counsel of record via the Florida ePortal, this 30th day of July, 2024.

*s/ David A. Frankel*

DAVID A. FRANKEL
Law Offices of David A. Frankel, P.A.
Attorneys for Plaintiff
4601 Sheridan Street, Suite 212
Hollywood, FL  33021
(954) 683-0300
David@BlueLotusLaw.com
eService@BlueLotusLaw.com
Paralegal@BlueLotusLaw.com
FLA. BAR NO.  741779

# EXHIBIT A

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 22-17905-DAH

BOBBI GUNN as the personal representative
of the Estate of Robert Derrick Gunn,

                Plaintiff,

v.

GREGORY TONY, Sheriff of Broward
County in his official capacity,

                Defendant.
_____/

## AMENDED COMPLAINT FOR DAMAGES
(Jury trial demanded)

COMES NOW the Plaintiff, BOBBI GUNN as the duly appointed personal representative of the Estate of Robert Derrick Gunn, through counsel, pursuant to Fla. Stat. § 46.021, and sues Defendant, GREGORY TONY, Sheriff of Broward County, in his official capacity, and says:

### NATURE OF THE CASE

1.    This is a survival action, brought pursuant to Fla. Stat. § 46.021, for money damages arising from the unlawful deprivation of the Robert Derrick Gunn's state protected rights resulting in serious and permanent injury stemming from the wrongful use of force by Deputy Sheriff Milan Asous during an arrest on November 2, 2021.

### JURISDICTION and VENUE

2.    This is a civil action seeking monetary damages in excess of $30,000.00 dollars exclusive of costs, interest, and attorney's fees against Defendant Gregory Tony in his official capacity.

3.    Under *Fla. Stat.* § 47.011 Broward County, Florida is the proper venue for this action as it

1

is where the alleged tortious actions occurred.

## PARTIES

4. The Plaintiff, BOBBI GUNN was the Mother of Robert Derrick Gunn ("Robert Gunn"), and now is the duly appointed personal representative of the Estate of Robert Derrick Gunn, and she is otherwise *sui juris.*

5. The Defendant Gregory Tony (hereinafter referred to as "Tony", the "Broward Sheriff's Office", or "BSO") was at all times material hereto the duly elected Sheriff of Broward County, and properly named as a party in his official capacity of behalf of the agency.

## COMPLIANCE WITH CONDITIONS PRECEDENT

6. All conditions precedent to filing suit have been meet. On July 5, 2022, the Robert Derrick Gunn, through undersigned counsel, sent the requisite notice pursuant to Fla. Stat. § 768.29(6)(a) to counsel for the Broward Sheriff's Office and all other appropriate parties. (copy attached at **Exhibit A**).

## GENERAL ALLEGATIONS

7. On November 2, 2021, BSO detectives from the Deerfield Beach Crime Suppression Team, including Asous and his canine Logan, along with Seminole Police Department detectives, went to the residence of Robert Gunn to place him under arrest for outstanding felony warrants for probation violations and an outstanding probable cause affidavit for felony grand theft issued by Seminole Police Department.

8. Each of the warrants was for non-violent offenses related to drugs or theft offenses.

9. At all times material hereto, Asous was charged with the responsibility to exercise complete control over his canine partner Logan who was specifically trained to obey Asous' commands.

10. When the deputies and the Seminole police officers arrived at Robert Gunn's home Robert Gunn exited the home through the back door. Robert Gunn ran out of door but immediately stopped and raised his hands in a surrender position when ordered to do so by the deputy standing in front of him. Robert Gunn offered no resistance and did not oppose that deputy, or any other law enforcement officer present.

11. Asous, from a distance seeing Robert Gunn run out the back door, released his canine Logan to apprehend Robert Gunn. At the same time Logan reached Robert Gunn, he was compliant and offered no resistance. Robert Gunn was on the ground being handcuffed by another deputy.

12. Within 25 seconds of Asous releasing Logan and initiating the attack, Robert Gunn was completely secured in handcuffs with his hands behind his back, and with the arresting deputy on top of him and holding him down to the ground.

13. For approximately the next two minutes the dog continued to attack Robert Gunn. This conduct resulted in an unlawful touching of Robert Gunn, against his will, and was a battery that caused Robert Gunn harm.

14. Although Robert Gunn posed no threat of escape, resistance, or harm to the deputies, officers, or the dog, and was completely subdued, Asous did not take sufficient action to stop the attack.

15. At all times material hereto, Asous had a duty to control his K-9 partner to prevent unnecessary harm to the Robert Gunn.

16. At all times material hereto, Asous acted wrongfully, breaching his duty to prevent unnecessary harm to the Robert Derrick Gunn, failing to properly control his K-9 partner, which resulted in serious and permanent injury to Robert Derrick Gunn.

17. At all times material hereto, Asous was acting within the course and scope of his

employment as a deputy sheriff on behalf of BSO.

## COUNT I
### Liability pursuant to Fla. Stat. § 768.28

18. Plaintiff re-alleges paragraphs 1-17 above and incorporates them herein.

19. Subject to certain statutory limitations, the Defendant Tony is liable for the wrongful acts and omission of its employees while acting within the course and scope of their employment, including battery resulting from a failure to control a K-9 partner, even if deemed intentional pursuant to § 768.28 and *City of Boynton Beach v. Weiss*, 120 So. 2d 606 (Fla. 4th DCA 2013, *Hennagan v. Department of Highway Safety and Motor Vehicles,* 467 So. 2d 748 (Fla. 1st DCA 1985), and *Richardson v. City of Pompano Beach,* 511 So. 2d 1121 (Fla. 4th DCA 1987).

20. On November 2, 2021, during the apprehension of the Robert Gunn, Asous failed to properly deploy and control his K-9, Logan, engaging in wrongful conduct that meets the requirements of § 768.28.

21. As a direct and proximate result of the Asous' wrongful conduct, Robert Gunn suffered a severe injury with related medical complications, great physical and emotional pain and suffering, loss of capacity for the enjoyment of life in the past, mental anguish, significant scarring and disfigurement, permanent physical limitations and disability, expenses of hospitalization, personal expenses, medical and nursing care and treatment in the past.

**WHEREFORE,** Plaintiff, BOBBI GUNN as the personal representative of the Estate of Robert Derrick Gunn, seeks entry of this Court's order of final judgment against Defendant GREGORY TONY, in his official capacity as the Sheriff of Broward County, for all compensatory damages, costs, and such other relief that the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands trial by jury as to each cause of action and claim set forth

herein.

    Respectfully Submitted this 30th day of July 2024

**Law Offices of David A. Frankel, P.A.**
4601 Sheridan Street, Suite 212
Hollywood, Florida 33021
(954) 683-0300
David@BlueLotusLaw.com
eService@BlueLotusLaw.com
paralegal@BlueLotusLaw.com


By: /s/ *David A. Frankel*
David A. Frankel Esq.
Fla. Bar. No. 741779