Filing # 162608329 E-Filed 12/07/2022 06:02:49 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

ROBERT DERRICK GUNN,

Plaintiff,

v.

MILAN ASOUS, in his
individual capacity,

Defendants,
_____/

**COMPLAINT FOR DAMAGES**
**(Jury trial demanded)**

COMES NOW the Plaintiff, ROBERT DERRICK GUNN and sues Defendant, MILAN ASOUS, in his individual capacity, and says:

**NATURE OF THE CASE**

1. This is an action for money damages arising from the unlawful deprivation of the Plaintiff, ROBERT DERRICK GUNN'S state protected rights resulting in serious and permanent injury stemming from an unnecessarily prolonged and vicious police dog attack during an arrest on November 2, 2021. During this arrest, the Broward County Sheriff's Office, Deputy MILAN ASOUS allowed his police dog, Logan, to attack the Plaintiff even though the Plaintiff had already surrendered.

**JURISDICTION and VENUE**

2. This is a civil action seeking monetary damages in excess of $30,000.00 dollars exclusive of costs, interest, and attorney's fees against Defendant, MILAN ASOUS.

3. Under *Fla. Stat.* § 47.011 Broward County, Florida is the proper venue for this action as it is where the alleged tortious actions occurred.

## PARTIES

4. The Plaintiff, ROBERT DERRICK GUNN ("GUNN") is an adult men who resides in the State of Florida and is otherwise *sui juris*.

5. The individual deputy Defendant, MILAN ASOUS was at all times material hereto, an employee of the Broward County Sheriff ("BSO") and he was acting under the color of law as a Deputy Sheriff and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

6. On November 2, 2021, BSO detectives from the Deerfield Beach Crime Suppression Team, including ASOUS and his canine, Logan, along with Seminole Police Department detectives, went to the residence of GUNN to place him under arrest for outstanding felony warrants for probation violations and an outstanding probable cause affidavit for felony grand theft issued by Seminole Police Department.

7. Each of the warrants was for non-violent offenses related to drugs or theft offenses.

8. At all times material hereto, ASOUS exercised complete control of his canine partner, Logan, who based on good information and belief was specifically trained to obey ASOUS' commands, including when to release his bite during the apprehension of an individual.

9. As part of his duties ASOUS is trained to use Logan as a weapon in the performance of his lawful duties.

10. When the deputies and the Seminole police officers arrived at GUNN's home, GUNN exited the home through the back door. GUNN ran out of door but immediately stopped and raised his hands in a surrender position when ordered to do so by the deputy standing in front of him. GUNN offered no resistance and did not oppose that deputy, or any other law enforcement officer present.

11. ASOUS, from a distance seeing GUNN run out the back door, released his canine, Logan, to apprehend GUNN. At the same time, Logan reached GUNN, he was compliant and offering no resistance. He was on the ground being handcuffed by another deputy.

12. Within 25 seconds of AOUS releasing Logan and initiating the attack, GUNN was completely secured in handcuffs with his hands behind his back, and with the arresting deputy on top of him and holding him down to the ground.

13. For approximately the next two minutes, as GUNN screamed in pain and begged for ASOUS to call off Logan, the dog continued to bite and chew on his torso, arm, and shoulder.

14. At no point during this time did GUNN pose any threat of escape, resistance, or harm to the deputies, officers, or the dog. Even though GUNN was completely subdued, Defendant ASOUS refused to command Logan to stop attacking GUNN.

15. At the 2 minute and 6 second mark of ASOUS' BWC video recording, ASOUS released Logan from the attack, falsely claiming that the dog had become caught on GUNN'S shirt – the dog *had* become momentarily caught on the shirt much earlier in the attack, but ASOUS continued the attack well after. It is clear that the attack was prolonged unnecessarily by ASOUS.

## COUNT I
## Battery - State Tort
### (Defendant ASOUS)

16. Plaintiff GUNN re-alleges paragraphs 1-15 above and incorporates them herein.

17. At the time the arresting deputy handcuffed GUNN and was on top him, and GUNN was pinned to the ground, Defendant ASOUS did unlawfully and intentionally touch and strike the Plaintiff against his will permitting and directing his canine Logan to viciously and sadistically attack the Plaintiff.

18. The continued attack had no lawful cause or authority that justified ASOUS' willful,

3

wanton, and malicious conduct.

19. As a direct and proximate result of the violation of GUNN'S rights under Florida law and the unlawful and excessive use of force against GUNN by ASOUS, the Plaintiff has suffered a severe injury with related medical complications, great physical and emotional pain and suffering, loss of capacity for the enjoyment of life in the past and in the future, mental anguish, significant scarring and disfigurement, permanent physical limitations and disability, expenses of hospitalization, personal expenses, medical and nursing care and treatment in the past and in the future. These losses are either permanent or continuing and GUNN will suffer the losses in the future

**WHEREFORE,** Plaintiff, ROBERT DERRICK GUNN seeks entry of this Court's order of final judgment against Defendant MILAN ASOUS for all compensatory damages, costs, and such other relief that the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

The Plaintiff ROBERT DERRICK GUNN hereby demands trial by jury as to each cause of action and claim set forth herein.

Respectfully Submitted this 7th day of December, 2022.

        **Law Offices of David A. Frankel, P.A.**
        4601 Sheridan Street, Suite 213
        Hollywood, Florida 33021
        (954) 683-0300
        David@BlueLotusLaw.com
        eService@BlueLotusLaw.com
        paralegal@BlueLotusLaw.com

        By: /s/ *David A. Frankel*
        DAVID A. FRANKEL ESQ.
        Fla. Bar. No. 741779