UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:24-cv-61891-DPG

BOBBI GUNN as the personal representative
of the Estate of Robert Derrick Gunn,

       Plaintiff,
v.

Deputy MILAN ASOUS, in his
individual capacity,

       Defendants,
_____/

## PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DEPUTY MILAN ASOUS' MOTION TO DISMISS BASED ON "CLAIM-SPLITTING"

Plaintiff, BOBBI GUNN, as the Personal Representative of the Estate of Robert Derrick Gunn, by and through her undersigned counsel, hereby files her Response and Memorandum of Law tin Opposition to Defendant, Broward Sheriff's Deputy MILAN ASOUS' ("Asous") Motion to Dismiss, and says:

## INTRODUCTION

The claim-splitting doctrine prevents a plaintiff from maintaining two actions on the same subject in the same court, against <u>the same defendant</u> at the same time. It ensures a plaintiff does not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought and leave the rest to be presented against the same defendant in a separate action.

The Plaintiff's case against Deputy Milan Asous here is brought pursuant to 42 U.S.C § 1983 – premised on the alleged deprivation of Robert Gunn's the Fourth Amendment civil rights. As can be seen in body worn camera recordings ("BWC") of Asous and a second deputy, Asous mercilessly permitted his police K-9 to viciously attack Robert Gunn for almost two full minutes

after Gunn was in custody, not resisting, handcuffed, and pinned face down to the ground by the second deputy). To stop the attack, Asous needed to only utter a two-word command to the dog, "let go." (In the subsequent criminal misdemeanor case against Robert Gunn, the State of Florida entered a *nolle prosequi* after it was determined that he was not the person who committed the offense for which Asous and other deputies sought his arrest.)

A suit was initially filed against Asous in the Circuit Court in Broward County, Florida on December 7, 2022 alleging one state-based tort claim for battery (Robert Gunn v. Milan Asous, case no. CACE 22-017905[1]).  Prior to discovery, Plaintiff's counsel advised Asous' counsel that should discovery reveal sufficient proof to establish a violation of Robert Gunn's federally protected rights the Plaintiff intended to file suit in federal court. Then, during the course of the case, Asous's counsel solicited Plaintiff's counsel (not the other way around) on several occasions to agree to amend the state Complaint to substitute the Sheriff's Office, Asous' employer, as the defendant.  However, Asous' counsel was advised twice more (verbally and in writing), after the amendment, that if the case were not to settle, the Plaintiff intended to bring suit against Asous in federal court. (see September 5, 2024 correspondence attached as Exhibit A[2]). A copy of the intended Complaint [Dkt. #1] was even provided. The case was not settled, and Plaintiff filed suit here.

Any assertion by Asous' now, that he was unfairly led to believe that the Plaintiff's agreement to substitute his employer as the defendant in the state case meant the Plaintiff would

---

[1] Gunn's mother was substituted as plaintiff after he died. The circumstances of his death are unrelated to the incident alleged.

[2] "On a motion to dismiss, the court may take judicial notice of a fact outside of the pleading 'provided that it is central to the plaintiff's claims and is undisputed in terms of authenticity.'" *Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111 (S.D. Fla. 2022) (citing *Kuber v. Berkshire Life Ins. Co. of Am.*, 423 F. Supp. 3d 1326, 1331 (S.D. Fla. 2019); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n. 3 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002).

not, or could not, pursue a § 1983 claim against him, or that the Plaintiff ever agreed that there was no legal basis to bring suit against him personally (see BWC videos), or that he is surprised by this action, is incredulous. Asous merely seeks to avoid liability by non-meritoriously raising the doctrine of claim-splitting; inapt here as the two cases are against different defendants, in different courts, under two separate causes of action.

<strong><u>MEMORANDUM OF LAW AND ARGUMENT</u></strong>

A. **<u>Claim-splitting</u>**

Impermissible claim-splitting occurs when a plaintiff maintains two actions on the same subject in the same court, against the same defendant at the same time. *Curtis v. Citibank N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.") Underpinning the doctrine are two practical purposes, judicial economy and fairness. First, "[b]y spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)). Outlining the contours of claim-splitting, in *Vanover*, a case of first impression in the Eleventh Circuit, the court agreed with the Tenth Circuit's observation, "it makes sense, given that the claim-splitting rule exists to allow district courts to manage their docket and dispense with duplicative litigation." *See also Katz*, 655 F.3d 1218–19. Next, the claim-splitting rule ensures that a plaintiff cannot 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought and leave the rest to be presented in a second suit, if the first fails. *Greene v. H & R Block E. Enterprises, Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010) (citing *Stark v. Starr,* 94 U.S. 477, 485 (1876); *see, e.g., Borrero v. United Healthcare of New York, Inc.,* 610 F.3d 1296, 1306–09 (11th Cir. 2010) (discussing related doctrine of claim preclusion and its judicial purpose). To determine whether such duplicative claim-splitting has

occurred, courts borrow from the doctrine of claim preclusion and permit the later-filed suit to be dismissed if it 1) involves the same parties or their privies; and 2) arises out of the same transaction or series of transactions as the first suit. *Vanover*, 857 F.3d at 841; *Green,* 727 F. Supp. 2d at 1367 (citing *Zephyr Aviation III, L.L.C v. Keytech Ltd.,* No. 07–227, 2008 WL 759095 (M.D. Fla. Mar. 20, 2008).

"While claim-splitting and *res judicata* both promote judicial economy and shield parties from vexatious and duplicative litigation, 'claim splitting is more concerned with the district court's comprehensive management of its docket, whereas *res judicata* focuses on protecting the finality of judgments.'" *Vanover,* 857 F.3d at 841 (quoting *Katz*, 655 F.3d at 1218.)

**B. <u>The Plaintiff's federal § 1983 claim against Asous does not constitute claim-splitting</u>**

The claim-splitting rule is inapt here where the Plaintiff's state and federal cases are separate claims, under different theories of liability, brought against separate defendants. Asous' argument for dismissal does not meet the first prong of the "same defendant/same transaction" test. *See Vanover,* 857 F.3d at 841; *see also Khan,* 2011 WL 3269440, at *6; *Curtis* 226 F.3d at 139. The first prong of the claim-splitting analysis is "whether the case involves the same parties and their privies." *Id.* Privity exists, "[w]hen one party's actions are legally another party's actions, those two parties have the kind of substantive legal relationship that establishes privity. *Rodemaker v. City of Valdosta Bd. of Educ.,* 110 F.4th 1318, 1328 (11th Cir. 2024). This action against Asous alleges his actions constitute civil rights violations for which his employer cannot be held responsible (*See Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658, 691 (1978))[3]. As alleged, Asous' actions are not legally those of the Sheriff's Office ("BSO") under the doctrine of *respondeat superior.* Despite the fact that Asous was performing a discretionary function of his employment (executing an arrest), Asous' use of his K-9 to torture

---

[3] (municipality cannot be held liable under § 1983 on a *respondeat superior* theory)

Gunn, a defenseless detainee, was not within BSO policy and not conduct legally attributable to BSO. Plaintiff's state action against BSO—properly advanced as an alternative under Florida's waiver of sovereign immunity statute, § 768.28(9)(a), which imposes liability on a governmental employer for the wrongful acts of an employee <u>not</u> committed "in bad faith, or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property,"—is conduct legally attributable to BSO.

In short, as alleged here, Asous' actions are not "legally another party's actions." *Rodemaker,* 110 F.4th at 1328. In the state case, under the doctrine of *respondeat superior*, his actions <u>are</u> those of his employer. *Id*. Asous' is not the privy of his employer. *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1293 (11th Cir. 2010) (explaining "a court may no longer find privity based solely on a similarity of interests").

Pointedly, Asosus' recitation of those portions of case opinions which hold, "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases," or "The rule against splitting causes of actions is designed to prevent a multiplicity of suits" (Motion p. 3), fails to consider that those holdings presume that the defendant is the same, made plain in each case. There is no authority to suggest that the first prong of the claim-splitting rule can apply where there is not identity of the parties.

Further, there is no automatic prohibition against two separate actions in both state and federal court stemming from the same transaction or occurrences, especially where they are against different defendants under separate theories of liability. In fact, under 28 U.S.C. § 1367 there are proper instances where supplemental jurisdiction can be denied and a state claim in state court and a federal claim in federal court proceed simultaneously. See 28 U.S.C. § 1367(c). (The Plaintiff does not posit that those circumstances are controlling here, but merely points out that the claim-

splitting rule does not prevent separate actions.)

## CONCLUSION

Having been provided with a copy of the Complaint [Dkt. #1] more than 30 days prior to the Plaintiff filing suit and being informed that suit would be filed, it's hard to accept Asous' representation that he was surprised by this action. Motion p. 4. More relevant, the amendment of the state complaint substituting BSO for Asous under a different theory of liability does not render the suit *sub judice*, improper claim-splitting, or for that matter, unfair.

WHEREFORE, the Plaintiff, BOBBI GUNN, as the Personal Representative of the Estate of Robert Derrick Gunn moves this Honorable Court to enter an order denying the Defendant Deputy MILAN ASOUS, Motion to Dismiss.

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2024, I electronically served the foregoing document on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized matter for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully submitted,

By: /s/ *David A. Frankel*
David A. Frankel Esq.
Fla. Bar. No. 741779
Counsel for Plaintiff
**Law Offices of David A. Frankel, P.A.**
4601 Sheridan Street, Suite 212
Hollywood, Florida 33021
(954) 683-0300
David@BlueLotusLaw.com
eService@BlueLotusLaw.com
paralegal@BlueLotusLaw.com