# EXHIBIT A

LAW OFFICES OF
# DAVID A. FRANKEL

4601 SHERIDAN STREET, SUITE 212　　　　　　　　　　　　　　　　　　　　　　　TELEPHONE: 954-683-0300
HOLLYWOOD, FLORIDA 33021　　　　　　　　　　　　　　　　　　　　　　　DAVID@BLUELOTUSLAW.COM

September 5, 2024

*Via Email to: Aflanigan@wsh-law.com; mmandel@wsh-law.com; JNatiello@wsh-law.com*

Anne Flannigan, Esq. Joesph Natiello, Esq. and Matthew Mandel, Esq.
Weiss Serota Helfman Cole & Bierman
200 E Broward Blvd # 1900
Fort Lauderdale, Florida 33301

　　　　Re: *Bobbi Gunn v. Milan Asous*
　　　　　　Broward County case number 2022-CA-17905

Dear Ms. Flannigan, and Mssr.s Natiello and Mandel,

　　　　Please find attached to this correspondence the Plaintiff's proposal for settlement and a draft of a complaint for suit against Milan Asous in the Southern District of Florida alleging excessive use of force. Notwithstanding our recent agreement to substitute the Broward Sheriff's Office as the defendant in the state action I am assuming you would represent Asous in the federal action if filed. If the proposal for settlement is not accepted within 30 days then the complaint, or one similar, will be filed and the Plaintiff intends to proceed on both cases. The Plaintiff has also served a notice for Second Request for Production seeking the medical records related to treatment Robert Gunn received as a result of Milan Asous' deployment of his K-9. I would ask that you comply with producing those records timely.

　　　　I would also respectfully request that your client reconsider its potential risk in this case. At this juncture I don't believe the issue is liability at all, but instead the amount of damages. I know we disagree on that amount, for the reasons that were expressed during the mediation. However, from my perspective, the prevailing factor driving the amount of damages for Mr. Gunn's injuries and pain and suffering is Asous' refusal to give the command for his K-9 to "let go" once Mr. Gunn was in handcuffs. In short, the video recordings are the most significant evidence. I do not believe Mr. Gunn's absence at trial would be a prevailing factor; in fact it may help the Plaintiff. To the extent that any other evidence related to Mr. Gunn's prior record is admissible, it is my considered opinion that it would not dissuade jurors from focusing on the grotesque nature of what is depicted in the video. (I am also in possession of photographs of Mr. Gunn's injuries. I believe I produced them already in response to the Defendant's Request for Production. If not, please let me know immediately and I will send you copies.)

　　　　　　　　　　　　　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　　　　　　　　　　　　　s/*David A. Frankel*
　　　　　　　　　　　　　　　　　　　　　　　David A. Frankel, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BOBBI GUNN as the personal representative
of the Estate of Robert Derrick Gunn,

      Plaintiff,

v.

Deputy MILAN ASOUS, in his
individual capacity,

      Defendants,
_____/

**COMPLAINT FOR DAMAGES**
**(Jury trial demanded)**

  COMES NOW the Plaintiff, BOBBI GUNN, on behalf of her deceased son Robert Gunn, sues MILAN ASOUS, and says:

**NATURE OF THE CASE**

1. This is an action for money damages arising from the unlawful deprivation of Robert Gunn's federally protected rights resulting in permanent injury that he sustained due to an unnecessarily prolonged and vicious police dog attack on November 2, 2021. MILAN ASOUS, a deputy sheriff, allowed his police dog Logan to maul Robert Gunn after he surrendered and was in handcuffs, and presented no threat of escape or danger.

**JURISDICTION and VENUE**

2. Plaintiff alleges violations of federal civil rights laws and seeks in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS in damages, exclusive of interest and costs. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth, Fourteenth Amendments to

1

the United States Constitution, and the tort laws of Florida. Jurisdiction is founded on 28 U.S.C. §§1331, 1343, 42 U.S.C. §1988, and under the tort laws of Florida. Supplemental jurisdiction and joinder of parties for additional state law claims in this Court is proper pursuant to 28 U.S.C. §1367(a), because they form part of the same case or controversy.

3. Under 28 U.S.C. §1391(b)(2), venue lies in the United States District Court for the Southern District of Florida because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

4. The Plaintiff, BOBBI GUNN is the natural mother of Robert Gunn and the court appointed personal representative of the Estate of Robert Gunn, and is otherwise *sui juris*.

5. Defendant MILAN ASOUS, sued in his individual capacity, was at all times material hereto, an employee of the Broward Sheriff's Office ("BSO"), and was acting under the color of law as a Deputy Sheriff and is otherwise *sui juris*.

## GENERAL ALLEGATIONS

6. On November 2, 2021, BSO detectives from the Deerfield Beach Crime Suppression Team, including ASOUS and his K-9 Logan, along with Seminole Police Department detectives, went to the residence of GUNN to place him under arrest for outstanding felony warrants for probation violations and an outstanding probable cause affidavit for felony grand theft issued by Seminole Police Department.

7. Each of the warrants was for non-violent offenses related to drugs or theft offenses.

8. At all times material hereto, ASOUS was charged with the responsibility of exercising control over K-9 Logan during any deployment in accord with Broward Sheriff's Office Patrol and Bloodhound Canine Standard Operating Procedures ("PBCSOP").

9. Pursuant to PBCSOP 5.1(B), ASOUS was assigned commands specifically intended to control the actions of K-9 Logan to be used by ASOUS to direct K-9 Logan to release the dog's bite from of any person after deployment by ASOUS, and to cease any further attack. The command was two one syllable words, "let go."

10. Pursuant to PBCSOP 6.0(A), prior to deployment of K-9 Logan, ASOUS was required to state the following warning: "This is the Broward Sheriff's Office Canine Unit. You are under arrest. Surrender or I will release my police dog and you will be bit."

11. On November 2, 2021, when the deputies and Seminole police officers arrived at Robert Gunns home, he exited the home through the back door.

12. ASOUS, standing at the ready with K-9 Logan released the dog immediately upon sight of Robert Gunn with issuing any warning. Only after the dog was released did ASOUS issue the required warning.

13. Upon sight of the dog, Robert Gunn, stopped running and raised both of his hands in a surrender position. He then laid down on the ground offering no resistance or threat of harm to ASOUS, K-9 Logan, or any other officers or persons present.

14. With Robert Gunn lying face down on the ground, Deputy Kenneth Thompson placed Robert Gunn in handcuffs behind and announced that Gunn was in custody.

15. Within 25 seconds of AOUS releasing Logan and initiating the attack, Robert Gunn was completely secured in handcuffs with his hands behind his back, and with Deputy THOMPSON on top of him and holding him down to the ground.

16. For approximately the next two minutes, as Robert Gunn screamed in pain and begged for ASOUS to call off Logan as the dog continued to bite and chew on his torso, arm, and shoulder.

17. At no point during this approximately two minutes did Robert Gunn pose any threat of

escape, resistance, or harm to the deputies, officers, or the dog. Even though Gunn was completely subdued, Defendant ASOUS refused to command Logan to stop attacking GUNN.

18. At the 2 minute and 6 second mark of ASOUS' BWC video recording, ASOUS released Logan from the attack.

19. During this incident, THOMPSON had a clear view of attack and the ability to intervene to prevent further harm to Robert Gunn but refused to do so.

**COUNT I**
**Deprivation of Rights- Violation of 42 U.S.C. §1983**
**(Defendant ASOUS)**

20. Plaintiff re-alleges paragraphs 1-19 above and incorporates them herein.

21. At all times material hereto, ASOUS acted as the handler of his K-9 Logan.

22. On November 2, 2021, ASOUS, acting under the color of law as a K-9 handler, used force against Robert Gunn that was excessive and gratuitous, purposely allowing his K-9 Logan to to attack GUNN in a manner and for purposes that were unwarranted and unnecessary to any lawful purpose. ASOUS' conduct violated Plaintiff's Fourth Amendment right to be free from an unreasonable seizure.

23. At the time, Robert Gunn was compliant, subdued and secured, and presented no further threat of escape or harm to any of the officers present, or the dog.

24. No reasonable officer standing in the shoes of ASOUS would have believed that the continued dog attack was necessary for any lawful purpose.

25. At the time Deputy Thompson handcuffed Robert Gunn and was on top him, and having him pinned to the ground, ASOUS had no cause to believe that the Plaintiff presented a threat of danger to himself or other officers or persons present.

26. As a direct and proximate result of the violation of Robert Gunn's civil rights and the

4

unlawful and excessive use of force by ASOUS, the Robert Gunn suffered severe injuries with related medical complications, great physical and emotional pain and suffering, and/or loss of capacity for the enjoyment of life in the past and in the future, mental anguish, significant scarring and disfigurement, permanent physical limitations and disability, and/or expenses of hospitalization, personal expenses, medical and nursing care and treatment in the past and in the future.

**WHEREFORE,** Plaintiff seeks entry of this Court's order of final judgment against Defendant, ASOUS for all compensatory and punitive damages incurred, attorney's fees, costs, and such other relief that the Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

The Plaintiff BOBBI GUNN hereby demands trial by jury as to each cause of action and claim set forth herein.

Respectfully submitted this ___ day of September, 2024

**Law Offices of David A. Frankel, P.A.**
4601 Sheridan Street, Suite 212
Hollywood, Florida 33021
(954) 683-0300
David@BlueLotusLaw.com
eService@BlueLotusLaw.com
paralegal@BlueLotusLaw.com

By: /s/ *David A. Frankel*
David A. Frankel Esq.
Fla. Bar. No. 741779