UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-61891-GAYLES/AUGUSTIN-BIRCH

BOBBI GUNN,

      Plaintiff,

v.

DEPUTY MILAN ASOUS,

      Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Deputy Milan Asous' Motion to Dismiss (the "Motion"). [ECF No. 8]. The action was referred to Magistrate Judge Panayotta Augustin-Birch, pursuant to 28 U.S.C. § 636(b)(1)(B), for a ruling on all pretrial, non-dispositive matters, and for a Report and Recommendation on any dispositive matters. [ECF No. 14]. On February 11, 2025, Judge Augustin-Birch issued her report recommending that the Motion be granted and this action dismissed with prejudice (the "Report"). [ECF No. 19]. Plaintiff timely objected to the Report. [ECF No. 20].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint*

*Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

The Court has conducted a *de novo* review of the Motion and the record and agrees with Judge Augustin-Birch's well-reasoned analysis and findings. Plaintiff argues in her objections that she has not impermissibly split her claims because Deputy Asous is not in privity with the Broward Sheriff's Office. However, "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative . . . is res judicata in [relitigation] of the same issue between that party and another officer of the government." *Montford v. Metro. Dade Cnty. Gov't*, No. 98-1305, 2002 WL 34382746, at *3 (S.D. Fla. Mar. 27, 2002) (quoting *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402–03 (1940)). *See also Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 n.3 (11th Cir. 2014) (finding the privity element established for claim preclusion where "the City was in privity with [the officer] because the City's liability was based solely on [the officer's] actions.").[1]

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

(1)   Judge Augustin Birch's Report and Recommendation, [ECF No. 19], is **ADOPTED in full**;

(2)   Defendant Deputy Milan Asous' Motion to Dismiss, [ECF No. 8], is **GRANTED**, and Plaintiff's Complaint is **DISMISSED with prejudice**.

---

[1] "Because the doctrine of claim-splitting arises from res judicata, the Court applies the privity analysis pertinent to res judicata." *IOU Central, Inc. v. Pezzano Contracting*, No. 19-cv-4882, 2020 WL 8768632, at *5 (N.D. Ga. Sep. 28, 2020).

(3)     This case is **CLOSED**, and all pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of March, 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE